**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Ali Nadzhafaliyev, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 2590 |
| v. ) | |
| ) | Judge Sharon J. Coleman |
| ) | |
| Daniel Dyslin, et al. ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The Court accepts Plaintiff's memorandum explaining his inability to pay the filing fee [9] and grants him *in forma pauperis* status to file this case. Plaintiff still owes the filing fee, and he may be required to pay it if his financial situation changes; but payment of the filing is waived at this time. Plaintiff's complaint may proceed against the Defendants listed therein. The Clerk shall: (1) file Plaintiff's complaint [1]; (2) issue summonses for its service on Defendants; and (3) send to Plaintiff six USM 285 service forms, a Magistrate Judge consent form, and filing instructions. The U.S. Marshal is directed to serve Defendants but completed service forms are needed before the Marshal attempts service. Plaintiff therefore must return completed service forms to the Court by November 18, 2019, and his failure to do so may result in dismissal of an unserved Defendant, as well as this suit for failing to prosecute it.

## **STATEMENT**

Plaintiff Ali Nadzhafaliyev, formerly a civil detainee at Elgin Mental Health Center (EMHC), has submitted a memorandum in response to this Court's July 17, 2019 order directing him to provide additional information about his current financial status. While his previously submitted *in forma pauperis* (IFP) application stated Plaintiff had no income and minimal funds, it failed to state how he was paying for food and lodging. Plaintiff's memorandum states that he "currently lives with an elderly family member," that he "performs domestic duties in order to express his appreciation for the lodging," that he "has an application for Social Security disability benefits pending," and that "his poor command of the English language severely limits his access to support." (Dkt. 9, pg. 1-2.) In light of his IFP application and current memorandum, the Court finds that he lacks sufficient funds and resources to pay the filing fee. The Court thus grants him IFP status. Though Plaintiff remains responsible for payment of filing fee, the Court waives payment of it at this time. If his financial situation changes, the Court may require him to pay it.

Having granted Plaintiff's IFP status, the Court may now conduct its initial review of his complaint, which alleges that EMHC officials had fabricated reasons, including falsely reporting Plaintiff's mental illness, to keep him involuntarily confined.

Under 28 U.S.C. § 1915(e)(2)(B), a court should dismiss an IFP litigant's complaint, if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks money damages against parties immune from such relief. Review under this provision is essentially the same as review of an ordinary motion to dismiss challenging whether a complaint sufficiently states a claim under Fed. R. Civ. P. 8(a)(2)'s notice-pleading requirements. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Rule 8(a)(2) requires all complaints, whether filed by a *pro se* litigant or by an attorney, to state sufficient facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." and "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (cite omitted). At the pleading stage, the Court considers true all well pleaded allegations, draws all reasonable inferences from those allegations in Plaintiff's favor, *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), and construes his *pro se* complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Though the Court liberally construes Plaintiff's *pro se* complaint, if its factual allegations fail to state a plausible claim, dismissal of the complaint is proper. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Plaintiff's complaint names the following parties as Defendants: EMHC General Counsel Daniel Dyslin; EMHC Court Liaison Victoria Ingram; EMHC Medical Directors Richard Malis and Daniel Hardy; EMHC Chief Policy Writer Jeff Pharris; and Illinois Department of Human Services Secretary James Dimas. Plaintiff contends that "Defendants engaged in a scheme or artifice to keep Plaintiff confined to a mental institution in violation of law." (Dkt. 1, pg. 3.) Plaintiff was released in March of 2019, when a Cook County judge "accepted a psychological evaluation from Cook County Court Services rescinding their previous misdiagnosis of schizophrenia." (*Id.*)

Explaining the basis of his involuntary confinement, Plaintiff states the following. He is a refugee of the former Soviet Union and knows little English. (Dkt. 1, pg. 3.) In 2004, he was transferred from Cook County Jail to Elgin Mental Health Center, upon a Cook County Circuit Court's finding of that he was not guilty by reason of insanity. (*Id.*) As to the incident that led to his arrest, Plaintiff states that, in 2004, he was working in an assisted living facility. He heard a female's voice calling for help from one of the apartments. Plaintiff broke down the door. A man and a woman were inside. The male occupant attacked Plaintiff with a weapon. Plaintiff defended himself, and during the struggle, "the male occupant sustained superficial injuries that required stitches." (*Id.* at 5.)

Plaintiff asserts that his defense attorney was ineffective because he refused to challenge the merits of the criminal charges, but instead, "rushed to have Plaintiff branded with a mental illness and thrown into an institution." (*Id.*) Plaintiff, however, does not name his criminal defense attorney as a Defendant in this case, and is not challenging his initial commitment. Instead, Plaintiff alleges Defendants (EMHC or DHS officials) have "contrived a multitude of excuses for keeping Plaintiff involuntarily committed," including: (1) "an unconstitutional disciplinary system that lacks written rules and an opportunity to be heard," which is the subject of Case No. 17 C 4469

before a different judge of this Court; (2) a "fraudulent declaration that Plaintiff had been adjudicated to be deported on his release," thus interfering with proposed discharge plans; and (3) falsely declaring Plaintiff to be mentally ill and dangerous. (*Id.* at 6.) According to Plaintiff, "Defendants Malis, Zubik, Pharris, Hardy, and Dimas converted EMHC into a federal detention facility for Plaintiff under the approval of Dyslin." (*Id.*) The EMHC officials, including Ingram, all allegedly "employed and enforced unconstitutional practices, policies, and procedures . . . that . . . led to Plaintiff being confined in a mental institution despite showing no signs or symptoms of mental illness [, which] Defendant Dyslin directly supervised and ratified." (*Id.* at 7.) Plaintiff states he was not treated for mental illness during his 15 years of confinement. Instead, according to Plaintiff, his "petty rule violations" (keeping food in his room, exchanging movies with other detainees), were cited by Defendants to suggest Plaintiff was dangerous and could not be released. (*Id.* at 7.)

The above described allegations describe plausible constitutional claims. Pretrial detainees and involuntarily committed persons "may challenge the fact of their detention under the Fourth Amendment." *Hurt v. Corcoran*, No. 17 C 7909, 2019 WL 3842819, at *11 (N.D. Ill. Aug. 15, 2019) (citing *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 914-15 (2017)); *see also Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("§ 1983 claims for wrongful pretrial detention— whether based on fabricated evidence or some other defect—sound in the Fourth Amendment."). In *Hurt*, 2019 WL 3842819, at **11-12, Elgin detainees were allowed to proceed with claims that their detentions were wrongfully extended based on false reports of mental illness. Though many of Plaintiff's allegations are broad and do not "connect specific defendants to illegal acts," *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009), he provides sufficient details of the various methods used to keep him confined to allow a reasonable inference "that Defendants, all of them, engaged in a scheme or artifice to keep Plaintiff" confined. (Dkt. 1, pg. 3.) Plaintiff's complaint provides enough information to put Defendants on notice of the claims being asserted and the grounds upon which those claims rest. Connecting each Defendant to specific acts contributing to Plaintiff's continued confinement can be determined through discovery.

The Clerk of Court shall issue summonses for service of Plaintiff's complaint on Elgin Mental Health Center Officials Daniel Dyslin, Victoria Ingram, Richard Malis, Jeff Pharris, Daniel Hardy, and DHS Secretary James Dimus. The Clerk shall also send six USM 285 service forms to Plaintiff. The U.S. Marshal is appointed to serve Defendants, but the Marshal will not attempt service until Plaintiff returns completed service forms. Plaintiff must submit completed forms within the time set forth in the Order section above. His failure to comply may result in dismissal of unserved Defendants, as well as this case. The Marshal shall make all reasonable efforts to serve Defendants and may send requests for waiver of service pursuant to Federal Rule of Civil Procedure 4(d) before attempting personal service. Elgin Mental Health Center officials shall assist the Marshal with service information if needed.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or

returned to Plaintiff. The Court further advises Plaintiff that he must promptly notify the Court in writing if his address changes. His failure to do so may result in dismissal of this case.

Date: 10/7/2019                                         /s/Sharon Johnson Coleman
                                                                       Sharon Johnson Coleman
                                                                       U.S. District Court Judge