IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ali Nadzhafaliyev, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 2590 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| Daniel Dyslin, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's renewed motion for attorney representation [12] is denied without prejudice to refiling should this action proceed to a point where counsel becomes necessary.

**STATEMENT**

Plaintiff Ali Nadzhafaliyev, formerly a civil detainee at Elgin Mental Health Center (EMHC), brought this pro se civil rights action under 42 U.S.C. § 1983 concerning his involuntary confinement at EMHC. By order dated October 10, 2019, the Court allowed Plaintiff to proceed on his claims against six Defendants and informed Plaintiff that to proceed with the case he must return completed USM-285 forms for each Defendant. (Dkt. 10, pg. 3.) Before the Court is Plaintiff's second motion for attorney representation. (Dkt. 12.)

Although, "there is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case, but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted. First, Plaintiff's motion gives no indication that he has attempted to retain

counsel on his own. Second, this case is in its preliminary stages and all that is required of Plaintiff is that he return the completed USM-285 forms. If Plaintiff would like help with the forms, he may seek assistance from the District Court's Judge William J. Hibbler Memorial Pro Se Assistance Program. Plaintiff should call (312) 435-5691 for further information about the program and to make an appointment.

Because this case is in its early stages, the Court has had little opportunity to assess Plaintiff's ability to litigate this case on his own. Nonetheless, the Court notes that Plaintiff has demonstrated an ability to follow the Court's instruction and his submissions have been appropriate and clearly written to date, despite his representation that English is not his primary language. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to renewal should this case progress to a point where counsel becomes necessary.

Date: 11/18/2019                                                                /s/Sharon Johnson Coleman
                                                                                Sharon Johnson Coleman
                                                                                U.S. District Court Judge