IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI NADZHAFALIYEV, ) | |
| ) | Case No. 19 C 2590 |
| Plaintiff, ) | |
| ) | Hon. Sharon Johnson Coleman |
| v. ) | |
| ) | |
| DANIEL DYSLIN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Between 2005 and 2019, Plaintiff Ali Nadzhafaliyev was involuntarily committed to Elgin Mental Health Center ("Elgin") following a state court finding that he was not guilty of home invasion and battery by reason of insanity. Shortly after his release from Elgin in 2019, Plaintiff filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. For the reasons that follow, the Court grants Defendants' motion and dismisses this lawsuit without prejudice due to lack of subject matter jurisdiction.

**Background**

On March 11, 2002, Plaintiff was charged in the Circuit Court of Cook County with four felony counts of home invasion and two felony counts of aggravated battery. On November 8, 2004, following a bench trial, Plaintiff was adjudicated not guilty by reason of insanity ("NGRI"). Unlike a typical acquittal, a finding of NGRI does not end the legal proceedings for an Illinois defendant because he must be "ordered to the [Illinois] Department of Human Services for an evaluation as to whether he is in need of mental health services." 730 ILCS 5/5-2-4(a). The Illinois Department of Human Services ("IDHS") reports its evaluation to the state criminal court.

1

Then, the state court holds a hearing to determine if the individual requires mental health services and, if so, whether those services must be provided on an inpatient or outpatient basis.

In Plaintiff's case, the state court held the required hearing on March 23, 2005, and determined Plaintiff should be committed to Elgin for inpatient mental health treatment for a period not to extend beyond January 26, 2029. Plaintiff remained at Elgin until March 2019, when the state court ordered that he be conditionally released. After his release, Plaintiff filed this lawsuit, among others.[1] In this lawsuit, Plaintiff pursues claims of wrongful imprisonment and conspiracy against several Elgin and IDHS employees. Construing his pro se allegations liberally, *see Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021), plaintiff alleges that he was incorrectly diagnosed with paranoid schizophrenia prior to his civil commitment proceedings and that this erroneous diagnosis led to his civil commitment. Further, he states that at some point after his transfer to Elgin, his schizophrenia diagnosis was revised to drug induced psychosis in remission. Despite this new diagnosis, Plaintiff alleges that he remained detained at Elgin for fifteen years even though he "did not meet the clinical criteria for confinement in a mental institution." Plaintiff further contends that his Elgin treatment team improperly relied on his violations of Elgin's rules of conduct and his immigration status to keep him confined "under the false pretense of being mentally ill and dangerous." In addition, he states he was entitled to release, but defendants engaged in a scheme to keep him confined to a mental institution.

**Legal Standard**

Although defendants bring their motion under Rule 12(b)(6), they argue that the Court does not have subject matter jurisdiction to consider Plaintiff's claims. Rule 12(b)(1) is the appropriate

---

[1] Plaintiff's deliberate indifference lawsuit, Case No. 16 C 6844, has been set for a September 2021 jury trial in front of Chief Judge Rebecca Pallmeyer.

procedural rule when challenging federal subject matter jurisdiction. Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). However, when "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor v. McCament,* 875 F.3d 849, 853 (2017) (citation and quotation marks omitted). The Court may also take judicial notice of matters of public record, including court documents filed in an earlier lawsuit. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011).

**Discussion**

In their motion, Defendants argue that the *Rooker-Feldman* doctrine prevents the Court from exercising subject matter jurisdiction over Plaintiff's claims. "The *Rooker-Feldman* doctrine bars lower federal courts from exercising what would effectively be appellate jurisdiction over final state-court judgments." *Christopherson v. American Strategic Ins. Corp.,* 999 F.3d 503, 509 (7th Cir. 2021). In deciding whether *Rooker-Feldman* applies, a court must ask whether a plaintiff is "alleging that his injury was caused by the state-court judgment." *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017). *Rooker-Feldman* applies to claims raised in state court and those that are "inextricably intertwined" with state court determinations. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019).

Plaintiff's injury—his civil commitment—is inextricably intertwined with the state court's orders finding him in need of inpatient mental health services. According to the Illinois statutory scheme applicable to civil commitment proceedings following an NGRI finding, the state court alone is responsible for determining whether an individual requires inpatient mental health services.

3

*See* 730 ILCS 5/5-2-4(b); 405 ILCS 5/3-809. Specifically, "[w]hen a defendant has been acquitted of a crime by reason of insanity, his subsequent treatment is governed by section 5–2–4 of the Code, which authorizes his involuntary commitment in order to treat his mental illness and also to protect him and society from his potential dangerousness." *People v. Bethke*, 55 N.E.3d 244, 249, 404 Ill.Dec. 148, 153, 2016 IL App (1st) 150555, ¶ 20 (1st Dist. 2016). And like a final order in other civil actions, Plaintiff's commitment order was appealable. *See In re Rita P.,* 10 N.E.3d 854, 866, 381 Ill.Dec. 445, 457, 2014 IL 115798, ¶ 48 (Ill. 2014); 405 ILCS 5/3-816.

The state court was also responsible for monitoring whether Plaintiff continued to require inpatient mental health treatment because Illinois law requires the director of the facility where Plaintiff was located to file a written treatment plan report with the state court every ninety days for the duration of his commitment. *See Nadzhafaliyev v. Hardy*, 403 F.Supp.3d 663, 665 (N.D. Ill. 2019) (Alonso, J.); 730 ILCS 5/5-2-4(b). The purpose of reporting this information to the state court is "to ensure that the recipient continues to meet the standards for involuntary confinement." 405 ILCS 5/3-814(b). If not satisfied with the treatment plan, the state court could modify the original commitment order or direct that Plaintiff be discharged, and could do so on its own initiative or at Plaintiff's request. 405 ILCS 5/3-814(c), (d). Evidence in the record indicates that Plaintiff unsuccessfully petitioned for discharge from Elgin on two separate occasions.

Given this statutory scheme, including the close and continuous monitoring of Plaintiff's need for inpatient mental health treatment by the state court, Plaintiff's claims that he was wrongfully detained directly challenge the state court's commitment orders. *See, e.g., Dopson v. Corcoran*, No. 1:19-cv-5007, 2020 WL 3268513, at *6 (N.D. Ill. June 17, 2020) (Ellis, J.) (*Rooker-Feldman* barred false imprisonment challenge to civil commitment); *Cain v. Ryan*, 171 F. Supp. 2d 813 (2001) (Gettleman, J.) (*Rooker-Feldman* barred challenge to civil commitment as a "sexually violent

4

person").

In his response, Plaintiff casts his claims as solely challenging Elgin's policies and procedures when determining recommendations for discharge, but any such a claim is an assertion that the state court did not consider the correct information when evaluating Plaintiff's commitment. As discussed above, while the state court could consider the recommendations of Plaintiff's facility, the decision to confine him ultimately rested with the state court. Consequently, even when framed as an attack on Elgin's policies, this claim boils down to a request that the Court review the state court's conclusion, which the Court cannot do under *Rooker-Feldman*.

Similarly, Plaintiff's allegations that Elgin staff based their recommendations on "fraudulent" information about his disciplinary history and immigration status and engaged in "artifice" to keep him confined do not save his claims. At its essence, these are assertions that the state court did not consider the correct information when evaluating Plaintiff's need for inpatient treatment. Moreover, even if the state court relied on erroneous information, the appropriate avenue for Plaintiff to challenge such orders was in the state court, including filing an appeal pursuant to 405 ILCS 5/3-816.

Plaintiff alleges that his injury in this lawsuit is wrongful detention or imprisonment. This injury, however, is attributable to the state court orders finding him in need of inpatient mental health treatment. As a result, his arguments that he never had a diagnosis or symptoms meeting the criteria for commitment and that the commitment orders were based on incorrect information ask this Court to review the validity of the state court's orders. This is the sort of claim *Rooker-Feldman* prohibits. As such, the Court does not have subject matter jurisdiction under the *Rooker-Feldman* doctrine to hear Plaintiff's claims. Given this conclusion, the Court does not reach the alternative grounds for dismissal raised by Defendants.

Case: 1:19-cv-02590 Document #: 53 Filed: 09/16/21 Page 6 of 7 PageID #:191

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

6

**Conclusion**

      For the foregoing reasons, the Court grants defendants' motion to dismiss without prejudice for lack of subject matter jurisdiction [40]. Plaintiff's motion requesting recruitment of counsel is denied as moot [47]. Civil case terminated.

IT IS SO ORDERED.

Date: 9/16/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge